IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Donald L. Cohee,

        Plaintiff,

     v.                    CASE NO.  13-3154-SAC

United States of America
Federal Government,
           Defendant.

## O R D E R

This pro se civil rights complaint was filed by an inmate of
the Jackson County Jail, Holton, Kansas.  Plaintiff claims that his
right to the pursuit of happiness and other constitutional rights
are being violated because he has been required to register as a sex
offender for over 16 years even though he has not committed a crime
since the crime that led to his designation as a sex offender.  Having
examined the materials filed, the court finds that the complaint is
deficient in several ways.  Plaintiff is given time to cure the
deficiencies discussed herein.  If he fails to cure all deficiencies
within the prescribed time this action may be dismissed without
further notice.


## FILING FEE AND FORMS REQUIRED

The fees for filing a civil rights complaint in federal court
total $400.00 and consist of the statutory fee of $350.00 plus an
administrative fee of $50.00; or for one that is granted leave to

1

proceed in forma pauperis (IFP), the fee is $350.00.  Plaintiff has

submitted an Application to Proceed without Prepayment of Fees (Doc.

2).  However, this motion is incomplete.  28 U.S.C. § 1915 requires

that a prisoner seeking to bring a civil action without prepayment

of fees submit an affidavit described in subsection (a)(1), and a

"certified copy of the trust fund account statement (or institutional

equivalent) for the prisoner for the 6-month period immediately

preceding the filing" of the action "obtained from the appropriate

official of each prison (or jail) at which the prisoner is or was

confined."  28 U.S.C. § 1915(a)(2).  The clerk shall be directed to

provide forms for filing a proper motion to proceed without fees,

and plaintiff is given time to submit a proper motion.  This action

may not proceed until he has submitted a motion that conforms to the

requirements of § 1915(a).

   Mr. Cohee is warned that under 28 U.S.C. § 1915(b)(1) being

granted leave to proceed without prepayment of fees will not relieve

him of the obligation to pay the full amount of the filing fee.

Instead, it merely entitles him to pay the fee over time through

payments automatically deducted from his inmate account as funds

become available.[1]

   Furthermore, local court rule requires that a civil complaint

---

[1]     Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff
is currently confined is authorized to collect twenty percent (20%) of the prior
month's income each time the amount in plaintiff's institution account exceeds
ten dollars ($10.00) until the filing fee has been paid in full.

filed by an inmate be submitted upon court-approved forms. Plaintiff's complaint is not upon forms and, possibly as a consequence, does not contain adequate information. Plaintiff is given time to submit his complaint upon the court-approved forms, which will be sent to him by the clerk.

## ALLEGATIONS AND CLAIMS

Mr. Cohee claims that his rights to the pursuit of happiness and to freedom of religion have been violated. As factual support for these claims, he alleges that being required to register as a sex offender has hurt his marriage in that it has prevented him from being in the life of the woman he has impregnated, from helping her with food, from being a loving father and taking care of his unborn child, and from being happy in his marriage.

Mr. Cohee also claims that the law requiring him to register as a sex offender is unconstitutional. In support, he alleges that the federal Government and "the people in the white house" made the law when the law is supposed to be voted on by the American people. He also alleges that forcing him to register is making him act against his will, which violates the Constitution. He further alleges that he registers when he is in his right mind and can think of it and knows where to go, but has broken no other laws.

Plaintiff seeks the following relief from the court: a driver's license that never expires, his criminal record wiped clean, "a card

that say (sic)" he cannot be arrested or prosecuted, insurance on any vehicle he is driving, a new car or truck of his choice, and $300,000,000,000,000.

## SCREENING

Because Mr. Cohee is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To avoid dismissal, the complaint's "factual

4

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There must be "enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having applied these standards to the complaint filed herein, the court finds it is subject to being dismissed for the following reasons.

## IMPROPER DEFENDANT

The only defendant named by plaintiff is the "United State of American Federal Government," which this court construes as the United States Government. The United States is absolutely immune to suit for money damages. It follows that plaintiff's claim for money damages against the only named defendant is subject to being dismissed under 28 U.S.C. § 1915A(a), (b) and 28 U.S.C. § 1915(e)(2)(B) as seeking relief from a defendant immune from such relief.

## OTHER CLAIMS FOR RELIEF ARE FRIVOLOUS

Plaintiff's claims for relief other than money damages are equally frivolous. Plaintiff suggests no legal authority under which he, or any litigant for that matter, would be entitled to a

driver's license that never expires, "a card" saying that he cannot be arrested or prosecuted, or a new vehicle of his choice and insurance on any vehicle he is driving provided by the Government of the United States.  Certainly, the sparse factual allegations made by Mr. Cohee do not entitle him to this requested relief.  The court finds that this action is subject to being dismissed for the reason that plaintiff is clearly not entitled to the relief he requests.

**<u>SEX OFFENDER REGISTRATION REQUIREMENT</u>**

Plaintiff complains about his being required to register as a sex offender for over 16 years.  However, he presents no facts to support a claim that this requirement is unconstitutional as applied to him.  For example, he provides no information whatsoever regarding the criminal case or cases that culminated in his sex offender designation.  Thus, it is not at all clear that the federal Government either passed the law or prosecuted the criminal case leading to his designation.  Plaintiff does not name as defendant a person with authority, if any, to remove his name from the sex offender registry.  He does not allege that he has ever petitioned the sentencing court or other appropriate authority for removal of his name from that registry.  Nor does plaintiff allege that he is currently confined as a result of his failure to register or provide any information as to his current confinement.  If he faces criminal

charges for failure to register, he must raise any challenge he may have in the state or federal proceedings on those charges. In short, plaintiff alleges no facts showing that his federal constitutional rights have been violated by the continued requirement that he register as a sex offender. The fact that Mr. Cohee may not be currently dangerous is no guarantee to his removal from the registry. *See Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 7 (2003).

**OTHER MOTIONS**

Plaintiff has filed two motions for hearings, the first demanding a hearing within two days "or (he) win(s)" (Doc. 3), and the second seeking a hearing within two weeks (Doc. 5). These motions are denied. Plaintiff presents no factual basis or legal argument that entitles him to an immediate hearing in this matter. He must satisfy the filing fee and other prerequisites before any court action is appropriate. This court will set hearings as needed and allowed by its docket.

Plaintiff wrote "Writ of Habeas Corpus" at the top of his two motions for hearings. In a letter to the Clerk that accompanied his complaint, he baldly stated that he files under writ of habeas corpus "to be set free." If plaintiff is seeking release from confinement at the county jail, he may not do so in a civil complaint. The proper method for seeking release from confinement is by filing a petition for writ of habeas corpus. In addition, Mr. Cohee must exhaust all

available state court remedies before he may file a habeas corpus action in federal court challenging a state criminal conviction or sentence.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee prerequisite by submitting a properly-completed motion for leave to proceed without prepayment of fees upon court-approved forms that is supported by the financial information required by federal law.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to cure the deficiencies in his complaint that have been discussed herein, or this matter will be dismissed as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motions for Hearings (Docs. 3 & 5) are denied.

The clerk is directed to send IFP and 1983 forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**