IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Donald L. Cohee,

        Plaintiff,

    v.                       CASE NO. 13-3154-SAC

United States of America
Federal Government,
        Defendant.

**O R D E R**

On January 2, 2014, the court entered an order in this matter requiring plaintiff to satisfy the filing fee prerequisites and to cure deficiencies in his complaint. Plaintiff has submitted a motion to proceed without prepayment of fees (Doc. 8) with incomplete financial information. However, the court grants this motion subject to change in the event that contrary information is received.

In response to the court's screening order, plaintiff has also submitted his Amended Complaint (Doc. 7). Having considered all materials in the file, the court finds that plaintiff's Amended Complaint does not cure the deficiencies in his original complaint. Plaintiff still sues the same improper defendant, "United State of America Federal Government" to which he adds "Washington DC." Plaintiff's claim for damages of $300,000,000,000,000 is dismissed under 28 U.S.C. § 1915A(a), (b) and 28 U.S.C. § 1915(e)(2)(B) because, as plaintiff was

1

informed, the United States and its agencies are absolutely immune to suit for money damages.

In his Amended Complaint, Mr. Cohee repeats his claims for relief that this court previously found are frivolous: a new vehicle of his choice, vehicle insurance, a driver's license that does not expire, and a card providing he cannot be arrested or prosecuted. These claims are dismissed as patently frivolous.

In his Amended Complaint, plaintiff adds requests that "all cases" against him be dropped and his criminal record wiped clean. As plaintiff was informed in the screening order, he must raise any challenges he may have to criminal charges in the state or federal proceedings on those charges.[1] He was further informed that challenges to detention like challenges to convictions may only be presented by petition for writ of habeas corpus filed in the appropriate court, such claims may not be litigated in a civil rights action, and prior exhaustion is required. The court concludes that plaintiff's utter failure to state a claim for proper relief also requires dismissal of this action.

Finally, the court finds that plaintiff's Amended Complaint

---

[1] The court takes judicial notice from court records in the District of Kansas of *U.S.A. v. Cohee*, Case No. 13cr40101 in which Mr. Cohee is charged with the federal offense of Failure to Register under the Sex Offender Registration & Notification Act. Plaintiff is represented by counsel and must raise any challenges he has to this offense in the criminal proceedings.

fails to present facts to support any of his claims.  Plaintiff again sets forth counts asserting his rights to freedom of religion, to be happy, and to free will, but alleges no supporting facts whatsoever.  Instead, he states that he will say in court what he means.

In summary, this action is dismissed for the reasons stated in the court's Order dated January 2, 2014, and herein.  This dismissal counts as a strike against Mr. Cohee under 28 U.S.C. § 1915(g).[2]  This appears to be his third strike.[3]

**IT IS THEREFORE ORDERED** that plaintiff's Motions to Proceed without Prepayment of Fees (Docs. 2 & 8) are granted.

**IT IS FURTHER ORDERED** that this action is dismissed as frivolous, for failure to state a claim, and as seeking relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

[3] See e.g., *Cohee v. McBride*, 99-cv-00541 (ND Ind. Nov. 10, 1999)(1983 action dismissed for failure to state a claim upon which relief can be granted); *Cohee v. Indiana Department of Corrections,* 99-00236 (N.D. Ind. June 16,1999)(1983 action dismissed for failure to state claim and leave denied).

Dated this 22nd day of January, 2014, at Topeka, Kansas.

        **s/Sam A. Crow**
        **U. S. Senior District Judge**